UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA J. MISH,

    Plaintiff,

v

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No: 1:09-cv-753

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny her disability insurance benefits. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff objects. The Court grants the first objection, denies the remaining two objections as moot, and enters this Opinion and Order reversing the Commissioner's decision and remanding the matter pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings.

In recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner, the Magistrate Judge determined (1) that the ALJ erred in finding that Plaintiff's fibromyalgia and obesity are not severe impairments, but that the finding is

harmless error; (2) that substantial evidence supports the ALJ's decision to accord less than controlling weight to the "extreme" opinions of Plaintiff's treating physician; and (3) that the ALJ properly evaluated Plaintiff's "subjective allegations of pain and limitation" as "not entirely credible." Plaintiff objects to all three determinations of the Magistrate Judge.

Turning to the first objection, the Magistrate Judge agreed with Plaintiff that "[t]he ALJ's conclusion that Plaintiff's fibromyalgia and obesity are not 'severe' impairments is not supported by substantial evidence" (R&R, Dkt 18 at 13). However, the Magistrate Judge concluded that this "shortcoming" in the ALJ's decision "does not alter the outcome in this case" (*id.*). Citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987), the Magistrate Judge reasoned that the ALJ's failure to identify the impairments as severe is a harmless error because the ALJ considered "the entire medical record" in rendering his decision (*id.* at 14).

In *Maziarz,* 837 F.2d at 244, the ALJ had determined that although the claimant suffered from several severe impairments, his cervical condition was not severe. On appeal, the Sixth Circuit Court of Appeals held that the ALJ's failure to find that claimant's cervical condition constituted a severe impairment "could not constitute reversible error" because the ALJ "properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity." *Id. See also Anthony v. Astrue*, 266 F. App'x 451, 457, 2008 WL 508008, *5 (6th Cir. 2008) (applying *Maziarz* and finding harmless error where the ALJ "consider[ed] Anthony's severe and nonsevere impairments in the remaining steps of the sequential analysis"); *Fisk v. Astrue*, 253 F. App'x 580, 584, 2007 WL 3325869, *4 (6th Cir. 2007) (applying *Maziarz* and finding harmless error where the ALJ

2

"'consider[ed] limitations and restrictions imposed by all of [Fisk]'s impairments,' including his non-severe impairments").

Here, however, the record does not reflect that the ALJ considered the limitations and restrictions imposed by all of Plaintiff's impairments, i.e., both her severe and purportedly non-severe impairments, in the remaining steps of the sequential analysis. The ALJ failed to mention Plaintiff's obesity beyond step two. Further, as Plaintiff points out, the ALJ questioned whether Plaintiff even *had* a medically determinable impairment of fibromyalgia (Objs., Dkt 19 at 2).

Therefore, the Court agrees with Plaintiff that the *Maziarz* harmless-error standard does not apply on these facts, where it is not evident that the ALJ considered Plaintiff's entire medical record. *See Stephens v. Astrue,* No. 09-55-JBC, 2010 WL 1368891, at *2 (E.D. Ky. Mar. 31, 2010) (distinguishing *Maziarz*, reversing, and remanding because there was no evidence that the plaintiff's mental impairments, which were not identified by the ALJ as "severe" at the second step, were considered at the fourth step, which was "devoid of any explicit reference to those impairments"); *Jamison v. Comm'r of Soc. Sec.*, 2008 WL 2795740, at *8-9 (S.D. Ohio July 18, 2008) (distinguishing *Maziarz*, reversing, and remanding because there was no evidence that the ALJ considered the plaintiff's cardiac impairment, which was not identified as "severe" at the second step, at other steps of the sequential evaluation process); *Tuck v. Astrue*, No. 1:07-cv-84, 2008 WL 474411, at *7-8 (W.D. Ky. Feb. 19, 2008) (distinguishing *Maziarz*, reversing, and remanding because the ALJ failed to determine whether the plaintiff's depression is a "severe" impairment and failed to consider the limitations imposed by the plaintiff's depression and the vocational effect of

those limitations). Remand is required for further development and clarification of Plaintiff's medically determinable impairments at each step of the sequential evaluation process.

Remanding the case on Plaintiff's first objection renders her second and third objections largely moot, because the ALJ on remand will again review the evidence concerning Plaintiff's obesity and fibromyalgia and articulate the way in which that evidence is evaluated. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 19) are GRANTED IN PART and DENIED IN PART as moot, as noted; the Report and Recommendation of the Magistrate Judge (Dkt 18) is REJECTED; and the decision of the Commissioner of Social Security is REVERSED and the matter REMANDED pursuant to Sentence Four of 42 U.S.C. 405(g) for further proceedings consistent with this Opinion and Order. A Judgment will be entered consistent with this Opinion and Order.


Dated: March 4, 2011         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge