UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA MISH,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                Case No. 1:09-CV-753

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act</u>. (Dkt. #22). Counsel seeks seven thousand seven hundred thirty six dollars and seven cents ($7,736.07) in fees and costs, as detailed in his motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

In an October 4, 2010 Report and Recommendation, the undersigned recommended that the Commissioner's decision denying Plaintiff's disability claim be affirmed on the ground that the error allegedly committed by the ALJ was harmless. (Dkt. #18). The Honorable Janet T. Neff disagreed, however, finding that the error in question was not harmless. (Dkt. #20). Accordingly, this matter was remanded to the Commissioner for further factual findings.

While Judge Neff found that the Commissioner's decision was not supported by substantial evidence, in the Court's estimation this is a matter on which reasonable people can disagree. The undersigned finds, therefore, that the Commissioner's position is supported, both in law and fact, "to a degree that could satisfy a reasonable person." Thus, an award of fees and costs under the EAJA is not appropriate. This conclusion is further influenced by the fact that this matter was remanded not for an award of benefits, but rather to address unresolved factual issues. *See Gray v. Commissioner of Soc. Sec.*, 2001 WL 1450821 at *1 (6th Cir., Nov. 6, 2001) (that the case was remanded not to award benefits, but for "further proceedings due to an error of law. . .further supports the Commissioner's argument that his position was justifiable").

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that <u>Plaintiff's Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act</u>, (Dkt. #22), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 26, 2011                  /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge