UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA J. MISH,

       Plaintiff,                                              Case No: 1:09-cv-753

v                                                             HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs (Dkt 22). Plaintiff requested $7,736.07, as detailed in the motion. Defendant filed a response in opposition to the motion (Dkt 24). The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 26), in which Plaintiff has also requested a fee for preparing and defending the motion, for a total requested recovery of $8,392.40 (Dkt 26 at 2). Defendant filed a response in opposition to the objections (Dkt 27). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies in part and grants in part Plaintiff's objections, rejects the Report and Recommendation, denies in part and grants in part Plaintiff's motion, and issues this Opinion.

I

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism

for a party to recover her fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States government. The statute provides that the Court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007).

Defendant does not dispute either Plaintiff's prevailing party status or the timeliness and sufficiency of her motion. Nor does Defendant argue that any special circumstances would warrant the denial of her motion. The objections to the Magistrate Judge's EAJA analysis turn on whether Defendant's litigation position was substantially justified. To be "substantially justified" means to be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Magistrate Judge reasoned that whether Defendant's decision was supported by substantial evidence is "a matter on which reasonable people can disagree," and "therefore, that the Commissioner's position is supported, both in law and fact, 'to a degree that could satisfy a reasonable person'" (R&R, Dkt 25 at 2). Defendant similarly contends that "[w]hile the ALJ may not have articulated the obesity analysis to the full satisfaction of the court, the defense of the decision remains substantially justified" (Resp., Dkt 27 at 2, citing *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045072, at *3 (6th Cir. 1999) (unpublished)). Plaintiff argues that this Court's Opinion and Order "made clear that the [ALJ's] error was not of articulation, but of failure to consider the substance of Plaintiff's impairments, and therefore not harmless" (Objs., Dkt 26 at 3).

2

A court's finding that a decision of the Commissioner is not supported by substantial evidence "is not equivalent to a finding that the position of the United States was not substantially justified" under the EAJA. *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984). Thus, a position taken by the Commissioner has been found to be substantially justified even when the case was remanded for further proceedings. In *Anderson,* the case upon which Defendant relies, the Sixth Circuit affirmed the district court's decision to deny fees, where the district court judge found that "although the ALJ in his opinion had not provided adequate articulation of his rationale for concluding that claimant's condition did not meet one of the listed impairments for mental retardation, the government's position in defending the Commissioner's decision to deny benefits was substantially justified based on the record." 1999 WL 1045072, at *3; *see also Gray v. Comm'r of Soc. Sec.*, 23 F. App'x 436, 2001 WL 1450821 (6th Cir. Nov. 6, 2001); *Cunningham v. Halter*, 25 F. App'x 221, 2001 WL 1450778 (6th Cir. Oct. 30, 2001).

The same conclusion is not warranted on the record here. In her October 4, 2010 Report and Recommendation, the Magistrate Judge recommended that this Court affirm the Commissioner's decision denying Plaintiff's disability claim, reasoning, in pertinent part, that "even if the Court assumes that the ALJ erred in failing to find that Plaintiff suffered from severe obesity or fibromyalgia, such [error] does not call into question the substantiality of the evidence supporting the ALJ's decision" (R&R, Dkt 18 at 14). This Court disagreed, determining that the harmless-error standard did not apply because "it is not evident that the ALJ considered Plaintiff's entire medical record" (Opinion & Order, Dkt 20 at 3). Specifically, the Court determined that (1) the record does not reflect that the ALJ considered the limitations and restrictions imposed by all of Plaintiff's impairments, i.e., both her severe and purportedly non-severe impairments, in the remaining steps

3

of the sequential analysis; (2) the ALJ failed to mention Plaintiff's obesity beyond step two; and (3) the ALJ questioned whether Plaintiff even had a medically determinable impairment of fibromyalgia (*id.*). In other words, as Plaintiff asserts, the ALJ's error here was not one merely of articulation. Rather, the Court finds there is no reasonable basis for the Commissioner's position that the ALJ properly analyzed the record. Therefore, the government's decision to defend the Commissioner's denial in federal court was not substantially justified, and Plaintiff is entitled to recover her attorney fees and costs under the EAJA for litigating her disability claim.

Moreover, the Court determines that the reasonable attorney fee to which Plaintiff is entitled to recover should encompass the time spent by counsel litigating the fee issue itself. *See Jean*, 496 U.S. at 162 (finding "no textual or logical argument for treating so differently a party's preparation of a fee application and its ensuing efforts to support that same application"); *Townsend*, 486 F.3d at 130 (indicating that a fee applicant must meet the EAJA's four requirements only once to establish an entitlement to attorney fees and expenses).

II

Having decided that Plaintiff is entitled to an award of fees under the EAJA, the Court must next determine if the fee is reasonable. *See Jean*, 496 U.S. at 161. The EAJA permits an award only of a "reasonable" attorney fee. 28 U.S.C. § 2412(d)(2)(A). "[F]ees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' § 2412(d)(1)(B), capped in the mine run of cases at $125 per hour, § 2412(d)(2)(A)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.* at 796 n.4 (quoting 28

4

U.S.C. § 2412(d)(2)(A)(*ii*)).  The burden lies with the fee applicant to establish the entitlement to an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff requests fees at the statutory rate of $125 an hour, plus a cost of living increase consistent with the Consumer Price Index (CPI), for an adjusted rate of $175.02 per hour (Dkt 22-2 at 3, ¶ 14).  Plaintiff's counsel claims 40.70 hours spent in litigating Plaintiff's claim, 3.75 hours in preparing and defending the EAJA motion, as well as the $350.00 federal court filing fee, for a total requested recovery of $8,392.40 (Dkt 26 at 3).

***Time Expended.***  Defendant asserts that Plaintiff's fee request should be reduced by 2.5 hours:  the 2.5 hours spent on review and revisions of a senior attorney's work product that Defendant opines are "duplicative and inefficient" (Dkt 24 at 5).  While Plaintiff's Itemization of Hours (Ex. A, Dkt 22-3) indicates 2.5 hours by attorney Binder, Plaintiff's Affirmation (Dkt 22-2) indicates Binder spent 1.5 hours on review and revision, a number the Court finds reasonable.  Therefore, the Court rejects Defendant's argument for this reduction.

More troubling is Plaintiff's erroneous sum of "Total Federal Court Hours" in her Itemization, which is represented as 40.70 hours.[1]  The correct sum of the numbers provided in both the Itemization and the Plaintiff's Affirmation is instead 26.75 total hours (21.25 hours by attorney Pierre, 4 hours by attorney Tolle, and 1.5 hours by attorney Binder).  The Court's award will therefore be based on a total of 30.5 hours (26.75 hours for the underlying litigation, plus 3.75 hours spent litigating the EAJA fee).

***Hourly Rate.***  Although Defendant does not challenge the hourly rate requested by Plaintiff,

---

[1] The Court also notes that Plaintiff's Itemization of Hours is erroneously captioned as "Gerald T. Nofsinger v. Commissioner of Social Security."

the Court declines to base the award on Plaintiff's requested hourly rate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff's arguments for a fee increase based on the CPI and public policy concerns arguably justify a legislative increase to the EAJA's statutory cap, but are insufficient justification for an increase in the hourly fee rate by this Court. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009) (holding accordingly). Therefore, payment for Plaintiff's counsel's services will be based on an hourly rate of $125. Accordingly, the EAJA fees and costs will be awarded in the amount of $4,162.50 ($125 multiplied by 30.5 hours, plus $350.00 for the federal court filing fee).

### III

Last, regarding to whom the fees should be paid, Plaintiff's counsel indicates that Plaintiff has "no objection to my collection of these fees," and argues that the Supreme Court has acknowledged that an award of EAJA fees may be payable directly to the claimant's attorney when, as here, there is a valid assignment of those fees after the award becomes final (Dkt 22-2 at 4, ¶ 15 (citing *Astrue v. Ratliff*, ___ U.S. ___; 130 S. Ct. 2521 (2010)).

In *Astrue*, the Supreme Court concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." 130 S. Ct. at 2525-27. The Supreme Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. The Court observed that the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and

"has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Here, where the Court is unaware of whether Plaintiff owes a debt to the United States, the Court determines that the proper course under *Astrue* is to decline to order that fees be awarded directly to Plaintiff's counsel. Rather, Defendant retains the authority to determine whether Plaintiff owes a debt to it. If no such unpaid debt exists, or if the EAJA fees remain after a government offset, then there appears no reason on the present record for Defendant not to honor Plaintiff's assignment to her attorney.

IV

For the foregoing reasons, the Court denies in part and grants in part Plaintiff's objections, rejects the Report and Recommendation, denies in part and grants in part Plaintiff's motion. An Order consistent with this Opinion will enter.

Dated: May 15, 2012                    /s/ Janet T. Neff
                                                                                     JANET T. NEFF
                                                                                     United States District Judge